UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:18-cr-00009-JRS-DML |
| NORMAN FLICK, | ) | -01 |
| Defendant. | ) |  |

**Order on Motions (ECF Nos. 21, 37, 40, 41, 43, 44 and 49)**

Although this case was initiated with a complaint (ECF No. 2), after Defendant filed his Motion to Dismiss Criminal Complaint (ECF No. 21), an Indictment was returned against him (ECF No. 24); the Indictment supersedes the complaint. *See, e.g.*, *United States v. Daniels*, 387 F.3d 636, 638 (7th Cir. 2004) (motion to dismiss Count of indictment found moot based on superseding indictment). Therefore, Defendant's Motion to Dismiss Criminal Complaint (ECF No. 21) is **denied as moot**.

The Government's Motion for Appointment of Standby Counsel (ECF No. 37) is **granted**. Standby counsel Charles Hayes was appointed on August 7, 2018. (See ECF No. 60) and Mr. Hayes has entered his appearance as standby counsel for Defendant (ECF No. 65).

Defendant has moved for reconsideration of the Order on Discovery entered by the Magistrate Judge on January 26, 2018. (*See* ECF No. 38). The Government filed a response. (ECF No. 42.) Having considered the motion, which failed to offer any

authority in support of the request for reconsideration; the response; the court Order on Discovery; and Defendant's two discovery motions addressed in that Order (*see* ECF Nos. 22 and 23), the Court finds that Defendant's Motion to Reconsider (ECF No. 40) should be **denied**.

Flick's Motion for Discovery on Indictment (ECF No. 41), filed February 2, 2018, pends. Discovery was addressed at the August 7, 2018 status conference and the Government's response to the motion for discovery represents that it "has met all discovery required by the Court's orders, statute, case law, and Department of Justice policy" and that the materials Defendant requested that were not contained in the discovery provided to standby counsel were either "not possessed by the government" or "do not exist." (ECF No. 62.) Based on this representation, Flick's Motion for Discovery on Indictment (ECF No. 41) is **denied**.

Defendant's Motion to Vacate Faulty, Duplicious (sic) and Illegal (sic) Drawn Indictment (ECF No. 43), argues counts of the indictment are duplicitous, that Defendant was denied due process and equal protection in that he was not allowed to appear at the Grand Jury, and that the evidence before the Grand Jury was mischaracterized. "An indictment that charges two or more distinct offenses within a single count is duplicitous." *United States v. Miller*, 883 F.3d 998, 1003 (7th Cir. 2018) (quoting *United States v. Hassebrock*, 663 F.3d 906, 916 (7th Cir. 2011)). None of the counts of the Indictment charges two or more distinct crimes. Each count charges a separate offense. Further, "[a] person under investigation by a grand jury has no right to appear before the grand jury." *United States v. Fritz*, 852 F.2d 1175, 1178 (9th Cir.

1988). And Flick has no personal knowledge of the evidence that was presented to the Grand Jury; thus his claim that evidence was mischaracterized is wholly unsupported by any facts or evidence. Therefore, Defendant's Motion to Vacate Faulty, Duplicious (sic) and Illegal (sic) Drawn Indictment ([ECF No. 43](#)) is **denied**.

Defendant's Motion for Return of Property ([ECF No. 44](#)) appears to argue that at the time of Defendant's arrest evidence was seized unlawfully and property that was "not connected to this case" was also seized. The motion also claims that the search warrant and arrest warrant were obtained based on perjury. Rule 41(g) of the Federal Rules of Criminal Procedure provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). If there is a factual issue necessary to decide the motion, the court must receive evidence. *[Id.](#)* Rule 41(g), however, applies to seizures before the return of an indictment. *[In re Search of Office of Tylman](#)*, 245 F.3d 978, 980 (7th Cir. 2001) (addressing Rule 41(e) before it was renumbered as 41(g)). Where, as here, an indictment has been filed and criminal proceedings are ongoing, the proper means for seeking return of seized property and to challenge the constitutionality of a search is a motion to suppress evidence. *[Id.](#)* For this reason, Defendant's motion is **denied**.

On March 6, 2018, the Government's Motion for Protective Order ([ECF No. 49](#)) was filed, requesting the Court to enter a protective order concerning discovery that contains protected personal identifiers. The motion was addressed and granted at

3

the August 7, 2018 status conference. The docket should reflect that the Motion for Protective Order ([ECF No. 49](#)) has been **granted**.

On December 20, 2018, Defendant filed a Motion for Fast and Speedy Trial ([ECF No. 72](#)), requesting the Court to "set jury trial promptly." Defendant also filed a Motion to Dismiss on December 20, 2018. Before these motions were filed, however, the Government had moved for a psychiatric examination of Defendant to determine his competency to stand trial. ([ECF No. 61](#).) That motion was granted. ([ECF No. 66](#).) After receiving a report of Defendant's mental competency, ([ECF No. 73](#)), the Court held a competency hearing on January 14, 2019, and found that Defendant was capable of understanding the nature and consequences of the proceedings against him and assisting properly in his defense. ([ECF No. 77](#).) At that hearing the Court allowed the Government 20 days within which to file a response to Defendant's Motion to Dismiss. ([ECF No. 71](#).) The Court set this matter for a status conference on March 12, 2019. The Court understands that Defendant would like this matter set for trial, and the Court will take up the matter of scheduling a trial date at the upcoming status conference. Therefore, the Court **defers** ruling on Defendant's Motion for Fast and Speedy Trial ([ECF No. 72](#)).

To recapitulate, the Court orders as follows:

(1) Defendant's Motion to Dismiss Criminal Complaint ([ECF No. 21](#)) is **denied as moot**;

(2) Government's Motion for Appointment of Standby Counsel ([ECF No. 37](#)) has been **granted**;

4

(3) Defendant's Motion to Reconsider ([ECF No. 40](ECF No. 40)) is **denied**;

(4) Flick's Motion for Discovery on Indictment ([ECF No. 41](ECF No. 41)) is **denied**;

(5) Defendant's Motion to Vacate Faulty, Duplicious (sic) and Illegal (sic) Drawn Indictment ([ECF No. 43](ECF No. 43)) is **denied**;

(6) Defendant's Motion for Return of Property ([ECF No. 44](ECF No. 44)) is **denied**;

(7) The Government's Motion for Protective Order ([ECF No. 49](ECF No. 49)) has been **granted**; and

(8) A ruling on Defendant's Motion for Fast and Speedy Trial ([ECF No. 72](ECF No. 72)) is **deferred** until the upcoming status conference.

The Court will decide Defendant's Motion to Dismiss ([ECF No. 71](ECF No. 71)) in a separate order.

**So Ordered.**

Date: 2/28/2019

*[signature: James R. Sweeney]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NORMAN FLICK
1725 E. Kelley Street
Indianapolis, IN 46203

Charles C. Hayes
HAYES RUEMMELE LLC
charleshayes.atty@gmail.com

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov

Kyle M. Sawa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kyle.sawa@usdoj.gov